IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re:<br><br>ROBERT BERNARD MILGROOM,<br><br>Debtor. | CASE NO. 05-01833<br>(Chapter 13)<br><br>Date: May 1, 2006<br>Time: 9:30 a.m.<br>Judge: Honorable Robert J. Faris |
|---|---|

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
(1) FINDING DEBTOR ROBERT BERNARD MILGROOM
IN CONTEMPT OF COURT, (2) AWARDING SANCTIONS,
(3) GRANTING RELIEF FROM THE AUTOMATIC
BANKRUPTCY STAY NUNC PRO TUNC, AND
(4) DENYING REQUEST FOR BENCH WARRANT**
[Related Document: #101]

The Motion for Order (1) Finding Debtor Robert Bernard Milgroom In Contempt of Court, (2) Awarding Sanctions, (3) Granting Relief From the Automatic Bankruptcy Stay Nunc Pro Tunc, and (4) Authorizing the Arrest and Apprehension of Debtor Robert Bernard Milgroom and to Compel Attendance for Examination (the "Contempt Motion"), filed April 13, 2006, by Creditors Mary Valvanis, John Valvanis, and George Valvanis (the "Valvanis Family") came on for hearing before the Honorable Robert J. Faris on May 1, 2006, pursuant to notice. Ted N. Pettit, Esquire, appeared for the Valvanis Family. Chuck C. Choi, Esquire, appeared for Debtor

Robert Bernard Milgroom ("Debtor"). There was no opposition to the Contempt Motion.

Having considered the Contempt Motion, declarations and exhibits filed in connection with the Contempt Motion, the argument and representations of counsel, and the record and file herein, and good cause appearing therefor, the Court now makes the following findings of fact and conclusions of law:

I. **FINDINGS OF FACT**

1. Robert Bernard Milgroom filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code on July 11, 2005. [BR.DOC.1][1]

2. The Debtor is a disbarred attorney and former certified public accountant whose CPA license was suspended by the State of Massachusetts. [BR.DOC.75; 86]

3. The Debtor failed to list the Valvanis Family as creditors in his Chapter 7 petition, and Schedules and Statement of Financial Affairs filed July 11, 2005 [BR.DOC.3]. The Valvanis Family was not listed by the Debtor among the creditors on the Debtor's creditor matrix and therefore

---

[1] All references ["BR. DOC. ___"] are to the Bankruptcy Docket Sheet in this case.

the Valvanis Family did not receive notice of the Debtor's bankruptcy petition.

4. At the time of the Debtor's bankruptcy petition, the Debtor had been ordered to appear at pretrial conferences in state court litigation in Massachusetts in <u>Valvanis, *et al*. vs. Milgroom, *et al*.</u>; Civil No. NOCV1987-00997-A in the Superior Court, County of Norfolk, Commonwealth of Massachusetts (the "Massachusetts Litigation") [BR.DOC.41, Exhibit A]

5. Members of the Valvanis Family are plaintiffs in the Massachusetts Litigation and claim, among other things, that the Debtor wrongfully used his influence as an attorney and an accountant over the Valvanis Family business, a cosmetics and beauty supply wholesaler, to misappropriate real estate interests and business assets in an attempt to take over the family business assets through fraud and deception. [BR.DOC.39]

6. On September 1, 2005, the Clerk of the Bankruptcy Court filed and served on creditors a Notice of Need to File Proof of Claim. The Valvanis Family did not receive this notice because the Debtor failed to list the Valvanis Family as creditors. [BR.DOC.13]

7. On September 2, 2005, the Debtor converted his Chapter 7 case to a case under Chapter 13. [BR.DOC.10]. The case was converted by the Debtor to Chapter 13, in part, to avoid investigation and action by the Chapter 7 Trustee.

8. On September 2, 2005, the Debtor filed Amended Schedules but again failed to list the Valvanis Family as creditors in the Amended Schedules. [BR.DOC.17]

9. On September 2, 2005, the Debtor filed a proposed Chapter 13 Plan. [BR.DOC.20]

10. On October 18, 2005, a default was entered against the Debtor and all counterclaims were dismissed in the Massachusetts Litigation. The case was set down for hearing on assessment of damages on November 15, 2005. The Massachusetts court had previously ordered that the Debtor appear for a final pretrial conference on October 18, 2005, at 2:00 p.m. and the Debtor was notified that if he did not appear in person or through counsel, a default/dismissal would be entered against him. [BR.DOC.41, Exhibit A]

11. On October 26, 2005, the Clerk of the Bankruptcy Court filed and served on creditors the Notice of Conclusion of Meeting of Creditors and Deadline for Objections to Plan. [BR.DOC.25]. The Valvanis Family

did not receive this notice because the Debtor failed to list the Valvanis Family as creditors.

12. On or about November 4, 2005, Edward D. Magauran, the Debtor's counsel, filed separate Notices of Automatic Stay advising George Valvanis, Norman Valvanis, John Valvanis and Judge Hely, Associate Justice in the Massachusetts Litigation, that the Debtor had filed a voluntary bankruptcy petition on July 11, 2005. [BR.DOC.26, 27, 28 and 29]. This was the first notification the Valvanis Family received from the Debtor of the Debtor's bankruptcy filing.

13. On November 15, 2005, the Chapter 13 Trustee filed an Objection to Chapter 13 Plan and Related Motion. The Chapter 13 Trustee objected because, among other things, the Debtor made misrepresentations in his Schedules, the Debtor was not eligible to be a debtor in Chapter 13, and the plan could not be confirmed due to "the debtor's apparent misrepresentation in his above schedules, the plan is flawed by the debtor's dishonesty and lack of candidness before the Court as well as others." [BR.DOC.35]

14. On November 15, 2005, the Valvanis Family filed their objections to Chapter 13 Plan and related motions. The Valvanis Family objected to the Chapter 13 Plan because, among other things, the Debtor

filed his bankruptcy case to avoid State Court Orders in the Massachusetts Litigation; the Debtor filed the Chapter 13 case to avoid recovery in the Chapter 7 case of fraudulent transfers of property by Debtor; the Debtor failed to disclose his safe deposit box and other assets and information; and an independent trustee should be appointed to examine suspicious transfers of real estate from the Debtor to his recently divorced wife, Nada Martl ("Martl"). [BR.DOC.39; 41]

15. On June 14, 2005, Martl filed a Complaint for Divorce against Robert Bernard Milgroom commencing Case No. FC-D No. 05-1-1994 in the Family Court, Circuit Court of the First Circuit, State of Hawaii (the "Divorce Action"). In the Divorce Action, the Asset and Debt Statement filed under penalty of perjury by the Debtor listed no debts and no assets. [BR.DOC.41, Exhibit E]

16. On June 15, 2005, the Debtor filed in the Divorce Action a "Release of Marital Interest in Real Estate Located at 253 Puuikena Drive; Honolulu; Hawaii, 96821 [the "Puuikena Property]" in which the Debtor purported to release all of his marital interests in the Puuikena Property. [BR.DOC. 41, Exhibit E]

17. On or about June 28, 2005, the Divorce Decree was entered in the Divorce Action based on the representations of the Debtor that

husband had no interests in the Puuikena Property. A Divorce Decree was entered less than one month before the Debtor filed his bankruptcy petition. [BR.DOC.41, Exhibit E]

18. On November 29, 2005, this Court entered an Amended Order Under Bankruptcy Rule 2004 Upon Oral Examination and Request for Production of Documents of Robert Milgroom; Exhibit "1" (the "Rule 2004 Order"). [BR.DOC.54]

19. On December 7, 2005, a Subpoena for Rule 2004 Examination ("Subpoena") was issued to Robert Bernard Milgroom for him to appear and produce documents at his examination on December 14, 2005. [BR.DOC.60]

20. The Rule 2004 Order and Subpoena were served on the Debtor. [BR.DOC.60; 62]

21. The Debtor's examination was continued from December 14, 2005 until January 12, 2006, at which time the Debtor appeared. [BR.DOC.71]

22. On December 16, 2005, the Chapter 13 Trustee filed a Motion to Dismiss or Convert Case. The Chapter 13 Trustee argued, among other things that "the Debtor's commencement of the case herein may have been designed to merely defeat pending State Court litigation against him."

[BR.DOC.66] In addition, the Chapter 13 Trustee noted deliberate failures of the Debtor to disclose information and to identify creditors in his Statement of Financial Affairs and other bankruptcy disclosure papers. [BR.DOC.66]

23. On December 30, 2005, the Valvanis Family filed their memorandum in response to the Trustee's Motion to Dismiss or Convert Case. [BR.DOC.73]. The Valvanis Family submitted substantial evidence concerning questionable transfers of the Debtor's interests in real property in Florida and in Hawaii to Martl during a four-year period prior to the Debtor's bankruptcy petition, including without limitation, the transfer of the Debtor's interest in the Puuikena Property in 2003 for no consideration. [BR.DOC.39; 41]

24. At the hearing on the Motion to Dismiss or Convert Case on January 19, 2006, the Court ruled that the case should be dismissed but the Court would retain jurisdiction over the continued discovery and examination by the Valvanis Family of the Debtor, pursuant to the Rule 2004 Order. The Court also ruled that the Debtor's case should be dismissed with prejudice meaning that no debts that could have been discharged by the Debtor in this case can ever be discharged in any bankruptcy case. The Court also granted relief to the Valvanis Family from

the automatic stay nunc pro tunc to the extent necessary to foreclose an argument that the orders of the Massachusetts Court in the Massachusetts Litigation are void for violation of the automatic stay. The Court delayed entry of the order dismissing the case until the Rule 2004 examination of the Debtor was completed. In addition, the Court approved the Debtor's agreement to provide written authorizations for the Valvanis Family to obtain information from the Debtor's bank accounts. [BR.DOC. 85, Transcript of Hearing on January 19, 2006]

25. On March 10, 2006, the Valvanis Family filed a Motion to Compel Debtor's Compliance with Rule 2004 Order and Oral Order Granting Chapter 13 Trustee's Motion to Convert or Dismiss, issued January 19, 2006 and for an Award of Sanctions ("Motion to Compel"). [BR.DOC.86]. The Motion to Compel was supported by uncontroverted evidence that:

> (a) the Debtor refused to produce financial records, including prior tax returns, bank statements, canceled checks, check registries, credit card statements from his current credit card, and other financial information;
>
> (b) the Debtor refused to produce from his home at the Puuikena Property his laptop computer which he testified had certain financial information; and
>
> (c) the Debtor refused to sign bank authorizations for certain banks including but not limited to First

Hawaiian Bank, Bank of America in Florida, Broadway National Bank in Massachusetts, and Century Bank and Trust Company in Massachusetts.

[BR.DOC.88]

26. On February 13, 2006, counsel for the Valvanis Family requested that Debtor's counsel immediately secure the Debtor's laptop computer which was the only source of meaningful financial information identified by the Debtor as being in the Debtor's possession. The Debtor refused to provide his laptop computer to his counsel, despite the request of his counsel. [BR.DOC.91, Exhibit 2]

27. On March 16, 2006, the Court held a telephonic hearing to resolve the Motion to Compel. The Court ordered, among other things, as follows:

    A. Debtor shall execute bank authorizations for banks located in, among other jurisdictions, Hawaii, Florida, and Massachusetts in the form attached [to the Order] as Exhibit 1.

    B. Debtor shall produce forthwith the *Siemens* computer described by Debtor in his February 7, 2006 continued Rule 2004 Examination for forensic analysis.

The order granting in part and denying in part the Motion to Compel ("Order Compelling Compliance with Rule 2004 Order") was entered on March 30, 2006. [BR.DOC.94]

The Order Compelling Compliance with Rule 2004 Order was served on the Debtor. [BR.DOC.98, 100]

28. On April 13, 2006, the Valvanis Family filed a Motion for Order (1) Finding Debtor Robert Bernard Milgroom In Contempt of Court, (2) Awarding Sanctions, (3) Granting Relief From the Automatic Bankruptcy Stay Nunc Pro Tunc, and (4) Authorizing the Arrest and Apprehension of Debtor Robert Bernard Milgroom and to Compel Attendance for Examination ("Contempt Motion"). The Contempt Motion was based on compelling evidence that the Debtor Robert Bernard Milgroom left his residence in Honolulu, Hawaii, and fled to Florida to avoid examination and orders of this Court compelling compliance with an outstanding order for his examination under Rule 2004.

29. There has been substantial non-compliance by the Debtor with the Rule 2004 Order and the Order Compelling Compliance with Rule 2004 resulting in on-going detriment to the Bankruptcy Estate and to the Valvanis Family and disruption of administration of the Debtor's case.

30. The Debtor has long had an ability to comply with the Rule 2004 Order and the Order Compelling Compliance with Rule 2004 Order, and despite reasonable opportunity the Debtor has not complied with those orders.

31. The Debtor has the ability to produce the documents and other information required by the Rule 2004 Order, his laptop computer and bank authorizations required by the Order Compelling Compliance with Rule 2004 Order, but the Debtor has refused to comply with the court orders.

32. After the filing of his bankruptcy petition, the Debtor filed a number of misleading, false and improper disclosures with the Bankruptcy Court. There is clear, convincing, and unrefuted evidence that the Debtor has made false statements in his bankruptcy petition, schedules and statements of financial affairs.

33. The Valvanis Family has produced compelling evidence that the Debtor has engaged in fraudulent real estate and financial transactions with his wife and then, ex-wife, Martl, between 2002 and the present. It also appears that there is an on-going relationship between the Debtor and Martl. [BR.DOC. 41, Exhibit C; 85]. The Valvanis Family is entitled to examine the Debtor regarding the transactions.

## II. **CONCLUSIONS OF LAW**

1. This Court has jurisdiction over Debtor Robert Bernard Milgroom and over the subject matter of the Court orders and the Valvanis Family's Contempt Motion.

2. There is good cause to grant the Valvanis Family's Contempt Motion, which shall be and hereby is granted as set forth herein.

3. The Debtor has failed and refused to comply with the Rule 2004 Order and the Order Compelling Compliance with Rule 2004 Order, despite reasonable opportunity and the ability to comply. He has failed to account for millions of dollars in real estate and financial transactions with his wife and then ex-wife, Nada Martl, and the real estate transaction concerning the Puuikena Property, or to offer any credible explanation regarding such transactions.

4. The Debtor may be found in contempt for failure to comply with turnover orders, In re Lawrence, 279 F.3d 1294 (11th Cir. 2002), United States vs. Butler, 211 F.3d 826 (4th Cir. 2000), In re Murray Packing Co., 414 F.2d 795 (2nd Cir. 1969), and for failure to comply with disclosure or discovery orders, In re Younger, 986 F.2d 1376 (11th Cir. 1993), In re Martin-Trigona, 732 F.2d 170 (2nd Cir. 1984).

5. This Court is authorized to find the Debtor in contempt of court under the appropriate circumstances, In re Rainbow Magazine, Inc., 77 F.3d 278 (9th Cir. 1996). Appropriate circumstances exist in this case, and the Court concludes that Debtor Robert Bernard Milgroom is in contempt of Court.

6. Incarceration may be imposed for civil contempt. <u>In re Berkman Supply, Inc.</u>, 217 B.R. 223, 226-27 (Bankr. W.D. Mich. 1998); <u>In re Shuma</u>; 124 B.R. 668, 678 (Bankr. W.D. Pa. 1991); <u>In re Duggan</u>, 133 B.R. 671 (Bankr. D. Mass. 1991); <u>In re Maxair Aircraft Corp. of Georgia, Inc.</u>, 148 B.R. 353, 359 (Bankr. M.D. Ga. 1992); <u>In Frankle</u>, 192 B.R. 623, 631-32 (Bankr. S.D.N.Y. 1996) (incarceration ordered where it was "the only sanction which is appropriate in the circumstances and which is likely to serve the interests of the debtor's estate.")

7. At the hearing on the motion, the court orally granted the request for a bench warrant. Upon further reflection, however, the request will be denied. There is no question that the Debtor is in contempt, that the bankruptcy court has the power to order the apprehension and removal of the Debtor, and that the Debtor deserves such treatment. In the circumstances of this case, however, it is more appropriate that the Valvanis Family pursue its remedies in state court. The dismissal of this bankruptcy case was deferred for the sole purpose of permitting the Valvanis Family to complete an examination of the Debtor. The examination will not benefit the estate (because the estate is about to be closed) or any creditors other than the Valvanis Family. The apprehension and removal of the Debtor will indefinitely delay the closing of the case and

U.S. Bankruptcy Court - Hawaii  #05-01833  Dkt # 115  Filed 05/12/06  Page 14 of 15

will impose economic risks upon the estate and the government. See, e.g., In re Younger, 165 B.R. 965 (S.D. Ga. 1994) (the government had an allowed administrative claim of $111,854.45 for the cost of medical care provided to a debtor who suffered a heart attack while in custody pursuant to rule 2005). Apprehension and removal of the Debtor is not essential to vindicate the authority of the court; this is particularly so because the Debtor's whereabouts are unknown and the issuance of a bench warrant is therefore likely to be yet another futile act.

An appropriate separate judgment will enter consistent with these findings and conclusions.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 05/12/2006

---

In re ROBERT BERNARD MILGROOM, Debtor; Case No. 05-01833 (Chapter 13); IN THE UNITED STATES BANKRUPTCY COURT, DISTRICT OF HAWAII; *FINDINGS OF FACT AND CONCLUSIONS OF LAW (1) FINDING DEBTOR ROBERT BERNARD MILGROOM IN CONTEMPT OF COURT, (2) AWARDING SANCTIONS, (3) GRANTING RELIEF FROM THE AUTOMATIC BANKRUPTCY STAY NUNC PRO TUNC, AND (4) AUTHORIZING THE ARREST AND APPREHENSION OF DEBTOR ROBERT BERNARD MILGROOM AND TO COMPEL ATTENDANCE FOR EXAMINATION* [Related Document: #101]